CHRISTOPHER M. CHESTNUT
(Admitted Pro Hac Vice)
The Chestnut Firm LLC
5080 Newberry Road, Suite 2A
Gainesville, FL 32607
(352) 377-4444 Telephone
(352) 377-2667 Facsimile
Chris.chestnut@chestnutfirm.com

JAMON R. HICKS (CA SBN 232747)
THE COCHRAN FIRM
4929 Wilshire Boulevard, Suite 1010
Los Angeles, CA 90010
(323) 931-6200 Telephone
(323) 931-9521 Facsimile
jhicks@cochranfirm.com

Attorneys for Defendant
Christopher Chaney

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>CHRISTOPHER CHANEY,<br>   aka "trainreqsuckswhat",<br>   aka "anonygrrl",<br>    aka "jaxjaguars911",<br><br>        Defendant. | No. CR 11-958(A)-SJO<br><br>POSITION REGARDING SENTENCING<br><br>**Sent. Date:    July 23, 2012**<br>**Sent. Time:    9:00 a.m.** |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorneys Wesley L. Hsu and Lisa E. Feldman, and defendant CHRISTOPHER CHANEY ("defendant"), through his counsel of record, Christopher Chestnut, Esq., and Jamon R. Hicks, Esq., hereby stipulate as follows:

1

1) The Indictment in this case was filed on October 11, 2011 and made public on October 12, 2011. Defendant first appeared before a judicial officer of the court in which the Indictment was pending on November 1, 2011.[1]

2) On November 15, 2011, a First Superseding Indictment was filed in this case.

3) On March 26, 2012, defendant pled guilty to counts 1, 3, 7, 8, 9, 10, 20, 22, and 28 of the First Superseding Indictment pursuant to plea agreement.

4) Defendant, who was a Florida resident, was remanded to custody following his change of plea hearing.

5) According to U.S.S.G § 3E1.1(a) a two-level reduction for acceptance of responsibility has been applied to Mr. Chaney's sentencing.

6) According to U.S.S.G § 3E1.1(b) an additional one-level reduction for timely notice of intention to enter a guilty plea has been applied to Mr. Chaney's sentencing.

7) According to 18 U.S.C.A. § 3553 when imposing a sentence the Court shall impose a sentence within the sentencing guidelines unless the Court finds there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a different sentence from that described.

---

[1] Following his arrest, defendant made his initial appearance on October 12, 2011, before a court in the Middle District of Florida, where he resides.

8) U.S.C.A. § 5k2.0 list various grounds for departure from sentencing guidelines in criminal cases and leaves a level of discretion to the court to consider outside factors when departing from sentencing guidelines.

9) In determining whether a departure is warranted under U.S.S.G. § 5K2.0, a sentencing court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." *U.S. v. Lipman*, 133 F.3d 726, 729 (9th Cir. 1998).

10) Based on the aforementioned statutes and case law, we employ the Court to consider other factors including Mr. Chaney's remorse, cooperation, and history prior to these events when considering a downward departure from the Federal Sentencing Guidelines and respectfully request a downward departure of more than the three level downward departure stipulated by Rule 3E1.1(a);(b).

11) The Government states that Mr. Chaney should have a two-level increase applied based on "conduct such as hiding assets or transactions, or both, through the use of fictitious entities."

12) However the case law and statutes do not provide for a precedent for this increase based on the acts committed.

13) The wording "conduct such s hiding assets or transactions, or both, through the use of fictitious entities," is used in business practices and relates to tax laws and acts resulting in bank fraud.

14) 18 U.S.C.A. § 1030 relates to fraud and related activity in connection with computers.

15) The aforementioned statute does not speak to "conduct such as hiding assets or transactions, or both, through the use of fictitious entities," and thus is not being used in the proper context in regards to the allowance of a two-level increase as a result of Mr. Chaney's actions.

16) Therefore, this two-level increase should not be applied to Mr. Chaney's sentencing.

17) Additionally, defendant's conduct did not result in financial gain to defendant, nor did defendant receive financial benefit as a result of his actions.

18) Furthermore, defendant counseled the public not to engage in conduct such as his own through various national media outlets.

19) Defendant has already served time in prison, and did not violate the terms of his probation while in Florida.

20) Defendant will provide a number of character reference statements in support of the Position stated herein in a supplement.


Date: July 13, 2012            s/ Christopher Chestnut
                               _____
                               CHRISTOPHER CHESTNUT, ESQ.
                               JAMON HICKS, ESQ.

                               Counsel for Defendant
                               CHRISTOPHER CHANEY

4